UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-02969 JLS (ADS)                                   Date: June 14, 2022

Title: *Tony Neely v. Lepe*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  |  None Reported  |
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):   Attorney(s) Present for Respondent(s):
              None Present                                           None Present

**Proceedings:      (IN CHAMBERS) ORDER REGARDING SCREENING OF PETITION**

**I.      INTRODUCTION**

On May 2, 2022, Petitioner Tony Neely, a.k.a. Tony Curruthers, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No. 1.) Petitioner also submitted a Request to Proceed In Forma Pauperis ("IFP Request"). (Id. at 6–7.) The Court's review of the Petition, the Court's own records, and public records reveals that the Petition has deficiencies.[1] These deficiencies, discussed in more detail below, are potentially grounds to transfer this case to the Western District of Tennessee at Memphis.

The Petition arises from Petitioner's convictions and the Western District of Tennessee's finding that Petitioner was an armed career criminal. See Curruthers v. United States, No. CR 09-20439, 2020 WL 3913581 (W.D. Tenn. July 10, 2020). In July

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-02969 JLS (ADS)                             Date:  June 14, 2022

Title:  *Tony Neely v. Lepe*

2020, the Western District of Tennessee denied Petitioner's motion under 28 U.S.C. § 2255.  See id.  In February 2021, the Sixth Circuit Court of Appeals ("Sixth Circuit") denied Petitioner's application for a certificate of appealability.  See Neely v. United States, No. 20-5985, 2021 WL 3878715 (6th Cir. Feb. 24, 2021).

Later, Petitioner filed a motion in the Sixth Circuit seeking leave to file a successive Section 2255 motion due to the Supreme Court's recent decision in Borden v. United States, 141 S. Ct. 1817 (2021).  See In re Tony Neely, No. 21-6158 (6th Cir., Jan. 31, 2022).  Respondent filed a non-opposition to Petitioner's motion to file a successive Section 2255 motion.  See id. (6th Cir., Dec. 22, 2021).  Petitioner's motion is currently pending in the Sixth Circuit.  See id. (6th Cir., Jan. 31, 2022).

### II.    SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2255 Cases, the Court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by federal prisoners.  Pursuant to Rule 4, this Court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

### III.   PETITIONER FAILED TO PAY THE REQUIRED FILING FEE OR SUBMIT A COMPLETE IFP REQUEST

Pursuant to 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed with a civil action without prepayment of fees must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  A court may only authorize the commencement of a civil action without prepayment of fees if the individual submits a statement "of all assets such prisoner possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1).

Petitioner failed to provide the required documentation to support his IFP Request.  (See Dkt. No. 1.)  Although Petitioner submitted a copy of his trust fund

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-02969 JLS (ADS)                                    Date:  June 14, 2022

Title:  *Tony Neely v. Lepe*

account statement, this statement was not certified by an authorized officer of the institution as required by 28 U.S.C. § 1915(a)(2).  (Id. at 11–12.)  As such, Petitioner's IFP Request is insufficient for the Court's consideration.

**IV.     SECTION 2241 DOES NOT APPLY BECAUSE PETITIONER IS CHALLENGING HIS SENTENCE**

This Court lacks jurisdiction to review the Petition.  "[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A petitioner challenging the manner, location, or conditions of a sentence's execution must file a petition for writ of habeas corpus under Section 2241 in the district in which he is in custody.  See Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 865 ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . .").  Section 2255, on the other hand, "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention" and must be heard by the sentencing court, which in this case is the Middle District of Florida.  Lorensten v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); see Hernandez, 204 F.3d at 865 ("§ 2255 motions must be heard in the sentencing court . . .").

A federal prisoner cannot avoid the restrictions of a Section 2255 motion by styling it as a Section 2241 petition.  See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).  The exception to this rule is Section 2255's "savings clause" or "escape hatch."  Harrison, 519 F.3d at 956; Lorensten, 223 F.3d at 953.  The savings clause permits a federal prisoner to file a Section 2241 petition to contest the legality of a sentence if his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); see also Hernandez, 204 F.3d at 864–65 (9th Cir. 2000).  To show that his Section 2255 remedy is inadequate or ineffective, a petitioner must (1) make a claim of actual innocence, and (2) show that he has not had an unobstructed procedural shot at presenting that claim.  See Stephens, 464 F.3d at 898.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-02969 JLS (ADS)                                              Date:  June 14, 2022

Title:  *Tony Neely v. Lepe*

In the instant Petition, Petitioner alleges he is on an illegal sentence due to the Supreme Court's recent decision in Borden. (Dkt. No. 1 at 6.) Because Petitioner challenges the legality of his sentence, he cannot proceed in this Court, the custodial court, unless Section 2255's savings clause applies. Utilizing the two prongs of that provision, the Court finds the Petition does not qualify for the exception.

The first prong of the savings clause requires Petitioner to make a claim of actual innocence. See Stephens, 464 F.3d at 898. To meet the actual innocence prong of the savings clause, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted).

Here, Petitioner alleges that he is "no longer a career criminal" and that his "reckless aggravated assault under Tennessee 1990 and 1991 statutes are no longer good" due to the Supreme Court's recent decision in Borden. (Dkt. No. 1 at 6.) Petitioner does not allege factual innocence. As such, based on the current record, the savings clause of Section 2255 does not seem to apply. See Muth, 676 F.3d at 819 (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence). Accordingly, it appears that the Petition is a disguised Section 2255 motion, and must be brought in the jurisdiction of the sentencing court, which is the Western District of Tennessee. See Hernandez, 204 F.3d at 865.

**V.    TRANSFER**

Transfer of the Petition to the Western District of Tennessee appears to be appropriate. Where, as here, a district court finds that jurisdiction is lacking, it may dismiss the petition or transfer the action to any other court in which the action could have been brought, if transfer is appropriate. Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (citing 28 U.S.C. § 1631). "Section 1631 serves to aid litigants who were confused about the proper forum for review." Id. (citation omitted). Transfer is appropriate if three conditions are met: "(1) the transferring court lacks jurisdiction; (2) the transferee could have exercised jurisdiction at the time the action was filed; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-02969 JLS (ADS)                           Date:  June 14, 2022

Title:  *Tony Neely v. Lepe*

(3) the transfer is in the interest of justice." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (citation omitted).

As the district of confinement, this Court lacks jurisdiction over the Petition. Rather, the Western District of Tennessee, the sentencing court, has jurisdiction under 28 U.S.C. § 2255 to hear Petitioner's sentencing claim if the Sixth Circuit grants Petitioner's unopposed requested to file a successive Section 2255 motion. Furthermore, transfer would prevent unnecessary delay caused by requiring Petitioner to refile. As such, transfer to the Western District of Tennessee appears to be appropriate.

## VI.   PETITIONER IS ORDERED TO SHOW CAUSE AND FILE A RESPONSE

Petitioner is **ORDERED** to show cause and file a written response **by June 28, 2022** why the Court should not transfer this action to the Western District of Tennessee at Memphis. Specifically, Petitioner should provide the following information to the Court:

(1) Provide a Response explaining why this action should not be transferred to the Western District of Tennessee at Memphis. In particular, Petitioner may satisfy this Order by setting forth any reason why the Petition qualifies for the escape hatch of Section 2255; and

(2) Either (a) pay the $5.00 filing fee, (b) provide an inmate trust account statement certified by a prison official, or (c) show cause why he is unable to do so.

In the alternative, Petitioner may file a notice of voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. 2244(d)(1). *The Clerk of Court is directed to attach a copy of a Notice of Dismissal form.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-02969 JLS (ADS)                               Date:  June 14, 2022

Title:  *Tony Neely v. Lepe*

**Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above, and/or for failure to obey court orders and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[2]**

**IT IS SO ORDERED.**

Initials of Clerk kh

---

[2] This order is nondispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within 20 days of the date of the order.  See <u>Bastidas v. Chappell</u>, 791 F.3d 1155, 1162 (9th Cir. 2015).